# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**TONY LUCIBELLO,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No.  2:07-cv-431-FtM-34DNF**

**SHAMAR ENTERPRISES, LLC,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This action was filed under the Americans with Disabilities Act, 42 U.S.C. 12181, *et seq*. regarding access to the property at issue in this case.  On November 26, 2007, Helio Rodriguez, as Director of the Defendant, Shamar Enterprises, LLC filed an Answer (Doc. 10) on behalf of Shamar Enterprises, LLC.  The Court entered an Order (Doc. 11) on November 28, 2007, which required Shamar Enterprises, LLC to obtain counsel within thirty (30) days.  Local Rule 2.03(e) requires corporations to appear and be heard only through counsel. Local Rules of the Middle District of Florida.   Further, as the Court explained in its prior Order (Doc.11), pursuant to 28 U.S.C. §1654, a party may appear and conduct their own cases personally.  However, a lay person is not permitted to represent any other person or entity.  *United States of America v. Blake Medical Center*, 2003 WL 21004734, *1 (M.D. Fla. 2003).  Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel.  *Id*., (citing, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)).  The Court did receive a letter

from Shamar Enterprises on December 31, 2007[1], which stated that the company is out of business since the beginning of December and would not be able to hire counsel. Although the Court sympathizes with the financial situation of Shamar Enterprises, LLC, the Court has no recourse but to recommend that a default be entered against it for failing to obtain counsel to represent it.

**IT IS RESPECTFULLY RECOMMENDED:**

That a default be entered against Shamar Enterprises, LLC for failing to obtain counsel as was required in this Court's Order (Doc. 11) entered on November 28, 2007.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  11TH  day of January, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] The Court will direct the Clerk to file the letter as part of the record of this case.