**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

TONY LUCIBELLO,

    Plaintiff,

vs.                                                            Case No.  2:07-cv-431-FtM-34DNF

SHAMAR ENTERPRISES, LLC, a Florida
limited liability company, d/b/a Espeto's
Brazilian Grill,

    Defendant.
_____/

## O R D E R

This cause is before the Court on Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 12; Report), entered January 11, 2008.  In the Report, Magistrate Judge Frazier recommends that a default be entered against Defendant Shamar Enterprises, LLC, for its failure to comply with the Court's Order (Dkt. Nos. 11), entered on November 28, 2007, and for its failure to comply with Local Rule 2.03(e). See Report at 1-2.

Plaintiff filed this action on July 9, 2007, seeking injunctive relief as well as attorney's fees and costs for violations of the Americans with Disabilities Act. See Complaint (Dkt. No. 1). On November 26, 2007, Helio Rodriguez, a director of the corporation, filed an Answer (Dkt. No. 10) on behalf of Defendant.  However, the Magistrate Judge struck this Answer because the Local Rules require that a corporation appear through counsel and Mr. Rodriguez was not an attorney. See Order (Dkt. No. 11) at 1-2.  Thus, Defendant was given thirty days to retain counsel. See id. at 2.  While Defendant failed to retain counsel as directed, it responded to this Order by sending a letter to the Magistrate Judge, which

informed the Court that Defendant had gone out of business and could not afford to retain counsel. See Untitled Document (construed as a response) (Dkt. No. 13). Given the foregoing procedural history and Defendant's failure to comply with the Court's Order and Local Rules, the Magistrate Judge entered the Report recommending the entry of a Clerk's Default. To date, no objections to the Report have been filed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007). Based upon an independent examination of the record and a de novo review of the legal conclusions, the Court will accept the recommendation of the Magistrate Judge and direct the Clerk to enter a default against Defendant pursuant to Rule 55(a), Federal Rules of Civil Procedure. However, in any motion seeking default judgment, Plaintiff shall address whether this case is now moot in light of the representation that Defendant is no longer an operating entity.

Accordingly, it is hereby **ORDERED**:

1. Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 20) is **ACCEPTED**.

2. The Clerk of the Court is **directed** to enter a default against Defendant Shamar Enterprises, LLC, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

3. In accordance with Local Rule 1.07(b), United States District Court, Middle District of Florida, Plaintiff shall have **sixty (60) days** to file a motion for default judgment. In that motion, Plaintiff shall address whether this case is moot in light of the representation of Defendant.

**DONE AND ORDERED** at Fort Myers, Florida, this 7th day of March, 2008.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc1
Copies to:

Counsel of Record